104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Duane HOWELL, Defendant-Appellant.
 No. 96-2296.
 United States Court of Appeals, Second Circuit.
 Dec. 9, 1996.
 
 Appeal from the United States District Court for the Southern District of New York.
 APPEARING FOR APPELLANT: IRVING ANOLIK, NEW YORK, NEW YORK
 APPEARING FOR APPELLEE: MYLAN L. DENERSTEIN, ESQ., ASSISTANT UNITED STATES ATTORNEY, NEW YORK, SOUTHERN DISTRICT OF NEW YORK
 S.D.N.Y.
 AFFIRMED.
 Before WALKER and JACOBS, Circuit Judges, and STANTON,* District Judge.
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Brieant, J.), and was argued.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 2
 On November 30, 1986, a jury convicted defendant-appellant Duane Howell ("Howell") of conspiring to defraud the Internal Revenue Service ("IRS") and of making false statements to the IRS. On January 23, 1987, Howell was sentenced, inter alia, to concurrent terms of eighteen months' incarceration on each count (all but six months of which were suspended), to be followed by five years' probation. Howell's conviction was summarily affirmed. United States v. Howell, 835 F.2d 1430 (2d Cir.1987), cert. denied, 484 U.S. 1065 (1988). On October 31, 1995, after the completion of his sentence, Howell petitioned for a writ of coram nobis to vacate his conviction. Howell now appeals the district court's denial of his petition.
 
 
 3
 Howell contends that, because his attorney was operating under an actual conflict of interest, and the conflict affected the quality of the attorney's representation of Howell at trial, the district judge erred in dismissing Howell's coram nobis petition. In particular, Howell argues that because his attorney, Ivan Fisher, was under investigation for his own criminal income tax violations during the time Fisher represented Howell, Fisher was too distracted to represent Howell adequately.
 
 
 4
 As this court has recently explained, "[c]oram nobis is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors ... of the most fundamental character have rendered the proceeding itself irregular and invalid." Foont v. United States, 93 F.3d 76, 78 (2d Cir.1996) (citation and internal quotations omitted). That is, the writ shall be issued only where "extraordinary circumstances are present." Nicks v. United States, 955 F.2d 161, 167 (2d Cir.1992); see also United States v. Morgan, 346 U.S. 502 (1954).
 
 
 5
 In order to show entitlement to this unusual form of relief, a petitioner must demonstrate three things: (1) that there are circumstances compelling such action to achieve justice, (2) that sound reasons exist for the petitioner's failure to seek appropriate relief earlier, and (3) that the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting the writ. Foont, 93 F.3d at 79; see also Nicks, 955 F.2d at 167. Howell has failed to satisfy any of these requirements.
 
 
 6
 First, Howell has failed to offer a single reason why the issuance of the writ would "achieve justice" or would remedy legal consequences petitioner continues to suffer. Second, petitioner has shown no "sound reason" for the eight year delay. Instead, Howell asserts that he has only recently learned that Fisher "had been the subject of an intensive criminal investigation," and that this discovery led him to "now realize[ ] that Fisher was so pre-occupied [sic] and distracted by his own problems that he could not attend properly to defending his client...." Appellant's Brief and Appendix at 8. However, the inattentiveness that Howell now maintains characterized Fisher's performance at trial would have been evident during the trial itself, and thus cannot justify Howell's eight year delay in seeking this relief. Furthermore, we note that Howell has already challenged his attorney's effectiveness on direct appeal, making his argument that Fisher's ineffectiveness has only recently come to light particularly implausible.
 
 
 7
 We also do not believe that either the facts presented--namely, that in 1995, Howell became aware that at the time his case was being prosecuted in the Southern District of New York, his attorney was being investigated in the Eastern District of New York--or the argument of ineffectiveness previously raised on direct appeal, required the district court to hold an evidentiary hearing.
 
 
 8
 Accordingly, we affirm the judgment of the district court.
 
 
 
 *
 The Honorable Louis L. Stanton of the United States District Court for the Southern District of New York, sitting by designation