**UNITED STATES of America,**
**Appellee,**

v.

**Benjamin G. SPRECHER,**
**Defendant–Appellant,**

**G. Alexander Novak, Defendant.**

**Nos. 01–1036L, 01–1038(CON).**

United States Court of Appeals,
Second Circuit.

Oct. 11, 2001.

Stuart Jay Young, Rego Park, NY, for appellant.

Helen V. Cantwell, Assistant United States Attorney; Mary Jo White, United States Attorney for the Southern District of New York; Meir Feder, Assistant United States Attorney, on the brief, New York, NY, for appellee.

Present McLAUGHLIN, STRAUB, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby AFFIRMED.

Defendant–Appellant Benjamin G. Sprecher ("Sprecher") appeals from a December 15, 2000 order of the United States District Court for the Southern District of New York (Miriam Goldman Cedarbaum, *Judge* ) denying his petition for a writ of error coram nobis pursuant to 28 U.S.C. § 1651. In January 1992, after a bench trial, Sprecher was convicted of numerous offenses related to tax and securities fraud. In his current petition for a writ of error coram nobis, Sprecher claims that the admission at trial of his statements to Thomas Doonan, an investigator for the United States Attorney's Office, was unconstitutional under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), in light of the Supreme Court's recent decision in *Dickerson v. United States,* 530 U.S. 428, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000).

■ In order to obtain coram nobis relief, a petitioner "must demonstrate that '1) there are circumstances compelling such action to achieve justice, 2) *sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.'* " *Fleming v. United States,* 146 F.3d 88, 90 (2d Cir. 1998) (per curiam) (quoting *Foont v. United States,* 93 F.3d 76, 79 (2d Cir.1996)).

"We review *de novo* the issue of whether the district court applied the proper legal standard, but we review the district court's ultimate decision to deny the writ for abuse of discretion." *Fleming,* 146 F.3d at 90.

■ Without speaking to whether Sprecher has satisfied requirements (1) and (3) above, we hold that the District Court did not exceed its allowable discretion in ruling that Sprecher did not set forth sound reasons for his failure to raise the *Miranda* issue earlier. *See Foont,* 93 F.3d at 80. *Miranda* was applicable at the time of Sprecher's conviction, and the recent ruling in *Dickerson* merely reaffirmed the ongoing applicability of *Miranda* in light of 18 U.S.C. § 3501. *See Dickerson,* 530 U.S. at 443–44, 120 S.Ct. 2326. Thus, regardless whether it is retroactive or not, *Dickerson* does not justify Sprecher's failure to present his current *Miranda* claim earlier. As in *Foont,* Sprecher "knew or should have known since the time of his conviction in [1992] of the facts underlying his current claim" that the admission of Doonan's testimony constituted reversible error.[1] 93 F.3d at 80.

We have considered Sprecher's remaining arguments on appeal and find them to be without merit. Accordingly, for the reasons set forth above, we AFFIRM the order of the District Court.

■

---

1. We express no opinion as to whether Sprecher's statements were obtained in violation of *Miranda.*