**UNITED STATES of America,**
**Appellee,**

v.

**Alexander G. NOVAK, Defendant,**

Benjamin G. Sprecher, Defendant–Appellant.

Docket No. 02–1128.

United States Court of Appeals, Second Circuit.

Feb. 20, 2003.

See also 2001 WL 1220534.

Benjamin G. Sprecher (Stuart Jay Young, on the brief), Rego Park, NY, for Appellant.

Helen V. Cantwell, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, Meir Feder, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: WALKER, Chief Judge, POOLER, Circuit Judge, and GLEESON, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Defendant-appellant Benjamin G. Sprecher appeals from the January 21, 2002 order of the district court denying Sprecher's petition for a writ of error coram nobis filed pursuant to 28 U.S.C. § 1651. Sprecher was convicted in 1992, following a bench trial, of various charges stemming from securities and tax fraud. *See United States v. Sprecher,* 783 F.Supp. 133 (S.D.N.Y.1992), *aff'd,* 988 F.2d 318 (2d Cir.1993). He has already served his sentence of 37 months' imprisonment and two years of supervised release.

As we have previously stated, "[c]oram nobis is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or

* The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

collateral relief by means of a writ of habeas corpus." *Fleming v. United States,* 146 F.3d 88, 89–90 (2d Cir.1998) *(per curiam).* In order to obtain coram nobis relief, a petitioner "must demonstrate that '1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.'" *Id.* at 90 (quoting *Foont v. United States,* 93 F.3d 76, 79 (2d Cir.1996)). "We review *de novo* the issue of whether the district court applied the proper legal standard, but we review the district court's ultimate decision to deny the writ for abuse of discretion." *Id.* (internal quotation marks omitted).

In his present petition for a writ of error coram nobis, Sprecher claims that he received ineffective assistance of counsel at trial because his counsel failed to object to the admission of statements Sprecher made to Thomas Doonan, an investigator for the United States Attorney's Office. In a previous petition for a writ of error coram nobis, Sprecher had argued that the admission of these statements was unconstitutional under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), in light of the Supreme Court's recent decision in *Dickerson v. United States,* 530 U.S. 428, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000). We affirmed the district court's denial of the prior petition. *See United States v. Sprecher,* 20 Fed. Appx. 93, 2001 WL 1220534, at *1 (2d Cir. October 11, 2001) (Table). Sprecher argues that our prior decision acknowledged that admission of Sprecher's statements was reversible error, and only denied the petition for failure to raise the claim earlier. Accordingly, in his present petition, Sprecher argues that he has been deprived of the opportunity to raise this reversible error because of ineffective assistance of counsel. Sprecher's claims lack merit.

To begin with, as noted by the district court in denying the present petition, Sprecher's argument is based on a misreading of this court's earlier decision. We did not hold that the admission of Sprecher's statements constituted reversible error. In stating that "Sprecher 'knew or should have known since the time of his conviction in [1992] of the facts underlying his current claim' that the admission of Doonan's testimony constituted reversible error[FN1]," *id.* (quoting *Foont,* 93 F.3d at 80) (first alteration in original), we simply reiterated the nature of Sprecher's claim (i.e., that he was *claiming* reversible error). Any confusion on this score should have been abated by the fact that we expressly reserved decision on the merits of the claim in the footnote following this statement: "We express no opinion as to whether Sprecher's statements were obtained in violation of *Miranda.*" *Id.* at n. 1.

As in the prior decision, we need not decide the merits of Sprecher's ineffectiveness claim because Sprecher has not provided any "sound reasons ... for [his] failure to seek appropriate earlier relief" with respect to the claim of ineffective assistance he now raises. *Fleming,* 146 F.3d at 88. Sprecher contends that he was procedurally barred from raising the ineffectiveness claim on direct appeal, and that following that appeal, he was precluded from raising the claim on collateral review by this court's decision in *Billy–Eko v. United States,* 8 F.3d 111, 115 (2d Cir.1993). In *Billy–Eko,* we held that where a defendant was represented by new counsel on direct appeal, any ineffectiveness claim that did not rely on evidence extrinsic to the record had to be raised on direct appeal and, if raised for the first time on collateral review, would require a showing of cause and prejudice. *Id.* at 115–16. No case, either before or after *Billy–Eko,* however, precluded Sprecher

from raising his ineffectiveness claim on direct appeal. *See, e.g., United States v. Stantini,* 85 F.3d 9, 20 (2d Cir.1996) (acknowledging that court of appeals can decide certain ineffectiveness claims on direct appeal); *United States v. Matos,* 905 F.2d 30, 32 (2d Cir.1990) (same). Moreover, in connection with a prior petition filed pursuant to 28 U.S.C. § 2255, Sprecher was afforded a full hearing by the district court to determine the effectiveness of trial counsel, *see United States v. Sprecher,* No. (S3) 90 CR. 234(MGC), 1994 WL 115998, at *1–*4 (S.D.N.Y. Mar. 29, 1994), yet Sprecher did not raise this particular claim and offers no explanation for the omission. Accordingly, we find *no* abuse of discretion in the district court's denial of Sprecher's petition.

We have carefully considered Sprecher's remaining arguments and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**