**YONG WONG PARK, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 05–6883–pr.**

United States Court of Appeals, Second Circuit.

March 30, 2007.

Raymond J. Aab, New York, NY, for Appellant.

Michael S. Bosworth, Assistant United States Attorney (Harry Sandick, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: JOSEPH M. McLAUGHLIN, ROSEMARY S. POOLER, J. CLIFFORD WALLACE,* Circuit Judges.

* The Honorable J. Clifford Wallace, United States Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

## SUMMARY ORDER

Petitioner Yong Wong Park appeals from a judgment entered on November 21, 2005, in the United States District Court for the Southern District of New York (Rakoff, J.), denying Park's petition for a writ of error coram nobis. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.[1]

A petition for a writ of error coram nobis is "not subject to a specific statute of limitations." *Foont v. United States*, 93 F.3d 76, 79 (2d Cir.1996) (internal quotation marks and citation omitted). Instead, a petitioner must show "sound reasons" for failing to seek relief earlier. *Id.* The "critical inquiry . . . is whether the petitioner is able to show justifiable reasons for the delay." *Id.* at 80. Although Park filed his petition for a writ of coram nobis almost five years after he pleaded guilty to one count of trafficking in counterfeit goods, Park has shown sound reasons for failing to seek relief earlier. Only in July 2004, when Park was charged with being deportable as an aggravated felon, did it become apparent that his plea had irreversible immigration consequences, namely, that he was ineligible for any discretionary relief from deportation. *Cf. United States v. Kwan*, 407 F.3d 1005, 1014 (9th Cir.2005) (finding that petitioner had sound reasons excusing delay because "[o]nly after the INS re-initiated removal proceedings against Kwan and determined that his conviction was an aggravated felony under 8 U.S.C. § 1101(a)(43)(G) did Kwan have reason to conclude that his criminal defense counsel had in fact erred"). Park challenged the charge of deportability and was still awaiting a final decision from the Board of Immigration Appeals when he filed this petition. We therefore conclude that Park has demonstrated "justifiable reasons for the delay" in filing this petition, and we reject the government's argument that the petition should be dismissed as untimely.

We review de novo the standards a district court applies in considering a writ of error coram nobis and review for abuse of discretion the district court's decision to deny the writ. *See Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir.2005). Park argues that his guilty plea was involuntary or unknowing because his attorneys failed to warn him of the immigration consequences of his plea. *See United States v. Couto*, 311 F.3d 179, 187 (2d Cir.2002) (A defendant "who has not received reasonably effective assistance from counsel in deciding to plead guilty cannot be bound by that plea because a plea of guilty is valid only if made intelligently and voluntarily." (internal quotation marks and citation omitted)). We evaluate such a claim under the standard for ineffective assistance of counsel established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, Park must establish that "counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *Couto*, 311 F.3d at 187 (internal quotation marks and citation omitted). We conclude that in the context of this case, Park's contention that he would not have pleaded guilty if he had known the deportation consequences that flowed from his guilty plea is not credible. Park faced overwhelming evidence of his guilt, and the record indicates that the "critical issue"

---

1. We have received the 28(j) letter filed by petitioner after oral argument. That letter

does not alter the disposition of this appeal.

with respect to his decision to plead was whether a suppression hearing would be successful. Thus, even had he been aware of the immigration consequences of a plea, Park would nonetheless have been faced with the strong likelihood of conviction at trial. He would also have been aware that such a conviction would trigger the same deportation consequences and would probably result in a longer sentence. The record indicates that at the time of his plea Park was concerned about the length of his sentence. Under these circumstances, we find that Park's self-serving statements are insufficient to establish prejudice. Because Park cannot establish prejudice, there is no need to reach his argument that counsel's failure to inform him of the immigration consequences of his plea was objectively unreasonable under the first prong of *Strickland*.

We have considered Park's remaining arguments and find them to be without merit.

For the foregoing reasons, we AFFIRM the judgment of the District Court.

Judge Wallace concurs in the result only. Judge Wallace believes Park's ineffective assistance of counsel claim must be rejected under *United States v. Santelises*, 509 F.2d 703, 704 (2d Cir.1975), a case in which this court explicitly held that counsel's mere failure to inform the defendant of the deportation consequences of a plea was insufficient to state a claim for ineffective assistance. Judge Wallace therefore believes it is unnecessary and irrelevant to reach the prejudice prong of the *Strickland* analysis. Judge Wallace observes that the question before us was set by the certificate of appealability: "whether the failure of a criminal defense lawyer to advise a defendant of the immigration consequences of a guilty plea constitutes ineffective assistance of counsel per se." Judge Wallace believes that the simple answer to that question is no and would therefore go no further.