10-4033-pr
Park v. United States of America

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of December, two thousand eleven,

Present:     ROSEMARY S. POOLER,
            BARRINGTON D. PARKER,
            SUSAN L. CARNEY,

                    *Circuit Judges*.

---

YONG WONG PARK,
                    *Petitioner-Appellant*,

                -v-                                    10-4033-pr

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

---

Appearing for Petitioner-Appellant:     Raymond J. Aab, Koehler & Isaacs LLP, New York, N.Y.

Appearing for Respondent-Appellee:     Marcia S. Cohen, Jesse M. Furman, Assistant United States Attorneys (of counsel) *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**, and that the motion to recall the mandate issued on March 30, 2007 is **DENIED**.

Petitioner Yong Wong Park appeals the district court's denial of his motion to reconsider its 2005 dismissal of his petition for writ of error coram nobis. Petitioner also moves to recall the mandate of this Court affirming the district court's 2005 dismissal and to reconsider our summary order explaining that affirmance. *See Park v. United States*, 222 F. App'x 82, 83 (2d Cir. 2007) (summary order). Park previously filed a petition for rehearing on April 25, 2007, raising the same arguments regarding prejudice he now raises. This petition was denied, as was Park's subsequent motion to the United States Supreme Court to direct the Clerk to file a petition for a writ of certiorari out of time. In his current appeal and motion, he argues that the Supreme Court's recent decision in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), merits reconsideration of our determination that he could not demonstrate prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). We assume the parties' familiarity with the facts, procedural context, and issues on this appeal and motion.

We review a district court's denial of a motion to reconsider under Federal Rule of Civil Procedure 60(b) for abuse of discretion. *See, e.g.*, *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998). "Under this standard, we must affirm . . . unless the ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Rodriguez v. Mitchell*, 252 F.3d 191, 200 (2d Cir. 2001) (internal quotation marks and alterations omitted).

Under the well-established *Strickland* standard, a court will not vacate a plea due to ineffective assistance of counsel unless the petitioner shows both: "(1) that counsel's performance was objectively unreasonable; and (2) that the unreasonable performance resulted in prejudice." *United States v. Bailey*, No. 07-3719, 2011 WL 2623442, at *8 (2d Cir. July 6, 2011). "To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, considering the totality of the evidence before the judge or jury." *Id.* (internal quotation marks omitted). *Strickland* applies to advice concerning the decision whether to plead to an offense. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

In *Padilla v. Kentucky*, the Supreme Court recognized a new ground for attacking the validity of guilty pleas under *Strickland* and *Hill*: *Padilla* established that the Sixth Amendment's guarantee of effective assistance of counsel requires that counsel advise defendants prior to a plea that the plea "carries a risk of deportation." 130 S. Ct. at 1486. *Padilla*, however, expressly did not alter or address the prejudice analysis under *Strickland*. *See Padilla*, 130 S. Ct. at 1478; *see also id.* at 1486-87. In Park's previous appeal, this Court ruled that, regardless of whether Park's counsel had a Sixth Amendment duty to advise him of immigration consequences of his plea, Park could not prevail in an ineffective assistance of counsel claim because he could not satisfy the "prejudice" requirement of *Strickland*. *See Park*, 222 F. App'x at 83-84.

Thus, while petitioner moved for reconsideration in the district court on the basis of

2

*Padilla*, his ineffective assistance of counsel claim was already foreclosed by our 2007 determination that he could not establish prejudice, and *Padilla* did not affect this determination. Moreover, under the mandate rule, a trial court must follow an appellate court's previous ruling on an issue in the same case. *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002).

The district court concluded that "[s]ince Park is unable to establish prejudice and therefore cannot establish ineffective assistance of counsel, *Padilla* does not compel this Court to reverse its previously entered order denying Park's petition." *United States v. Park*, No. 05 Civ. 693 (S.D.N.Y. Sept. 17, 2010). This conclusion was not an abuse of discretion; to the contrary, the district court properly applied both *Strickland* and the mandate rule in reaching this conclusion.

Petitioner also urges us to reconsider our 2007 summary order and recall the mandate in light of *Padilla*. "This court has an inherent power to recall its mandate, subject to review for abuse of discretion." *Bottone v. United States*, 350 F.3d 59, 62 (2d Cir. 2003). "However, in light of the profound interests in repose that attach to the mandate of a court of appeals, recall should be granted only in extraordinary circumstances." *Id.* (internal quotation marks omitted). "One circumstance that may justify recall of a mandate is a supervening change in governing law that calls into serious question the correctness of the court's judgment." *Mancuso v. Herbert*, 166 F.3d 97, 100 (2d Cir. 1999) (internal quotation marks and alterations omitted).

Petitioner argues that his motion presents such a case, but, given that prejudice was the basis for our decision in Park's previous appeal and that *Padilla* does not appear to have altered the prejudice analysis, this case does not present the extraordinary circumstances that would merit recalling our mandate. This court already made a prejudice determination and denied petitioner's motion for rehearing and rehearing en banc. *Padilla* did not change the definition of prejudice under the *Strickland* standard, and petitioner does not provide a legal basis for concluding otherwise, nor does he alert us to any new law or facts that would affect our previous analysis.

We have considered petitioner-appellant's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED and the motion to reconsider and recall the mandate is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3