11-3300-cr
United States v. Blumenberg

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand twelve.

**PRESENT:**

> **DENNIS JACOBS,**
> *Chief Judge,*
> **PIERRE N. LEVAL,**
> **GUIDO CALABRESI,**
> *Circuit Judges.*

---

**United States of America,**

>    *Appellee*,

>    v.                                                                 11-3300-cr

**Fritz G. Blumenberg,**

>    *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Fritz G. Blumenberg, *pro se*, Rosengarten-Totensen, Germany. |
| **FOR APPELLEE:** | Marcia S. Cohen, Katherine Polk Failla, Assistant United States Attorneys, Of Counsel, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from orders of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Appellant Fritz Blumenberg, *pro se*, appeals from the district court's orders denying two post-judgment motions styled "Mandatory Court Notice and Motion for an Order to Show Cause" ("May 2011 Motion") and "Mandatory Court Notice and Traverse to Government Response in Further Support of Motion for an Order to Show Cause." ("July 2011 Motion"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**1.** **The May 2011 Motion:** To the extent that Blumenberg's May 2011 Motion sought an order to show cause why the prosecutors and FBI agents involved in his criminal case should not be sanctioned, there is no clear procedural basis for granting such relief, as the district court concluded. Alternatively, to the extent that his May 2011 Motion sought to challenge his 2003 conviction for mail fraud, wire fraud, conspiracy to commit mail and wire fraud, and filing false tax returns, the motion is best construed as a petition for a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a), as Blumenberg is no longer in custody in connection with his 2003 conviction. *See Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998) (per curiam). In order to obtain coram nobis relief, a petitioner must demonstrate that "(1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Id*. at 90. For the same three reasons addressed by the district court, Blumenberg does not meet this standard.

First, Blumenberg has forfeited all of the claims that he raises on appeal except for his *Brady* claim by failing to raise them in his May 2011 Motion. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."). Second, Blumenberg has not demonstrated that "sound reasons" exist for his failure to raise his claims on direct appeal or in his prior collateral proceedings, or for the eight-year delay between his conviction and the filing of his May 2011 Motion. *See Fleming*, 146 F.3d at 90; *see also Foont v. United States*, 93 F.3d 76, 79-80 (2d Cir.1996) (holding that "coram nobis relief may be barred by the passage of time," and that "to entertain [a coram nobis] petition notwithstanding [an] unjustifiable delay would be an unwarranted infringement upon the government's interest in the finality of convictions"). Finally, the law of the case doctrine ordinarily "forecloses reconsideration of issues that were decided—or that could have been decided—during prior proceedings" in the same case. *United States v. Williams*, 475 F.3d 468, 471 (2d Cir. 2007).

**2.**     **The July 2011 Motion:** Although the legal basis for Blumenberg's July 2011 Motion was not clear, the district court construed it as a motion for reconsideration of the denial of his May 2011 Motion, and Blumenberg has not objected to that approach. We generally review the denial of reconsideration for abuse of discretion. *See, e.g., Harris v. Kuhlman*, 346 F.3d 330, 348 (2d Cir. 2003) (motion for reconsideration under Fed. R. Civ. P. 60(b)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

3

The district court did not abuse discretion in denying Blumenberg's July 2011 Motion, construed as a motion for reconsideration. The motion appeared to reiterate or raise new challenges to his conviction rather than explain why the court should consider the merits of those challenges. Blumenberg thus failed to identify any controlling law or evidence that the court had overlooked in denying his May 2011 Motion

We have considered Blumenberg's arguments on appeal and find them to be without merit. Accordingly, the orders of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4