12-3705-cv
Evangelista v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of June, two thousand thirteen.

PRESENT: REENA RAGGI,
             PETER W. HALL,
             DEBRA ANN LIVINGSTON,
                  *Circuit Judges*.

-----------------------------------------------------------------------

LOUIS EVANGELISTA, SR.,
                  *Petitioner-Appellant*,

          v.                          No. 12-3705-cv

UNITED STATES OF AMERICA,
                  *Respondent-Appellee*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:    ROBERT P. LARUSSO, LaRusso & Conway LLP, Mineola, New York.

APPEARING FOR APPELLEE:    DEMETRI M. JONES (David C. James, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 7, 2012, is AFFIRMED.

Louis Evangelista, Sr. was convicted in 1996 after a jury trial on multiple counts of tax evasion. That conviction was affirmed on direct appeal, see United States v. Evangelista, 122 F.3d 112, 113 (2d Cir. 1997), cert. denied, Evangelista v. Untied States, 522 U.S. 1114 (1998), and a collateral challenge pursuant to 28 U.S.C. § 2241 was denied, see Evangelista v. Ashcroft, 232 F. Supp. 2d 30 (E.D.N.Y. 2002), aff'd 359 F.3d 145 (2d Cir. 2004), cert. denied sub nom., Evangelista v. Gonzales, 543 U.S. 1145 (2005). Evangelista now appeals from the denial of his 2011 application for a writ of error coram nobis, see 28 U.S.C. § 1651, to vacate one count of his 1996 conviction for personal income tax evasion, see 26 U.S.C. § 7201, on grounds of insufficiency of evidence and ineffective assistance of counsel. Evangelista contends that the district court erred in concluding that he failed to satisfy the coram nobis requirement that he demonstrate "sound reasons" for failing to pursue these alleged errors earlier. Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996); see id. at 78 (collecting cases recognizing that coram nobis is remedy of last resort for petitioners no longer in custody pursuant to challenged conviction, but "not a substitute for appeal"). We review de novo whether the district court applied the proper legal standard, but absent such legal error, we review its ultimate denial decision only for abuse of discretion. See United

2

States v. Mandanici, 205 F.3d 519, 524 (2d Cir. 2000). We identify neither legal error nor abuse of discretion. We assume the parties' familiarity with the facts and records of prior proceedings, which we reference only as necessary to explain our decision to affirm substantially for the reasons stated by the district court. See Evangelista v. United States, No. CV 11-5085, 2012 WL 3818109 (E.D.N.Y. Sept. 4, 2012).

Evangelista argues that his own failure to recognize "the argument concerning the legal and factual insufficiency of the personal income tax evasion count," Pet'r's Br. 38, and counsel's ineffectiveness in failing to inform him of the immigration consequences of conviction after trial provide sound reasons for his delay in seeking the relief here at issue. These points merit little discussion.

As Evangelista himself acknowledges, his sufficiency claim relies entirely on "the trial record and an examination of the relevant tax documents." Id. at 22. Because this material was available to him at trial and, thus, available to him for over 15 years thereafter, he cannot claim to have been unaware during that time of the facts supporting his sufficiency claim. See Foont v. United States, 93 F.3d at 80 (upholding district court's determination that petitioner failed to demonstrate sound reasons for five-year delay because "Foont knew or should have known since the time of his conviction in 1990 of the facts underlying his current claim").

Similarly, even if Evangelista did not know the immigration consequences of his conviction at the time judgment was entered, but see INS v. St. Cyr, 533 U.S. 289, 322

3

(2001) (recognizing, as general matter, that "alien defendants considering whether to enter into a plea agreement are acutely aware of the immigration consequences of their convictions"), he would certainly have had such knowledge by April 14, 1998, when the Immigration and Naturalization Service issued a Notice To Appear, stating that Evangelista was subject to removal based on his conviction for an "aggravated felony" as defined in the Immigration and Naturalization Act. Evangelista v. Ashcroft, 359 F.3d 145, 148 (2d Cir. 2004). Thus, even if Evangelista's counsel failed to raise this issue on direct appeal, Evangelista presents no reason why he could not have pursued the matter in a petition pursuant to 28 U.S.C. § 2255 asserting ineffective assistance of counsel. See Massaro v. United States, 538 U.S. 500, 504 (2003) (holding that ineffective-assistance-of-counsel claims need not be brought on direct appeal).

Evangelista thus fails to provide "sound reasons" for his delay in asserting these claims, and the district court acted well within its discretion in denying the writ of coram nobis. In light of this conclusion, we decline to consider Evangelista's arguments in support of the merits of his underlying claims. Accordingly, we AFFIRM the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, Clerk of Court

4