14-2735-cr
United States v. Santiago

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand fifteen.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

-------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellant*,

v.                                                    No. 14-2735-cr

IRENE SANTIAGO,

*Defendant-Appellee.**

-------------------------------------------------------------------

FOR APPELLEE:          MICHAEL J. GRUDBERG (Marjorie J. Peerce, *on the brief*), Ballard Spahr LLP, New York, NY.

---

* The Clerk of Court is directed to amend the official caption to conform with the above.

1

FOR APPELLANT:     JONATHAN P. LAX, Special Assistant United States Attorney (Sarah Coyne, David C. James, Assistant United States Attorneys, *on the brief*) *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, <u>Judge</u>).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is REVERSED.

The Government appeals from a judgment of the District Court granting Irene Santiago's petition for a writ of error coram nobis. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to reverse.

In 2005 Santiago pleaded guilty to conspiracy to obstruct justice for lying to investigators and perjuring herself before a grand jury investigating an alleged securities fraud scheme. She lied to conceal the scheme, which was operated, in part, by her superiors at work. There seems to be no dispute that Santiago lied "out of a misguided sense of loyalty to" her superiors rather than for personal gain or advantage. Nor is it disputed that she cooperated extensively with the Government. Santiago was sentenced to a fine of $10 and a special assessment of $100.

Two of Santiago's superiors were convicted of witness tampering or conspiracy to commit witness tampering for their roles in suborning Santiago's perjury. One of these superiors and others were also convicted of conspiracy to commit securities fraud. Although these securities fraud convictions were later vacated due to the Government's failure to disclose <u>Brady</u> material, the witness tampering convictions remained intact. <u>See</u> <u>United States v. Mahaffy</u>, 693 F.3d 113 (2d Cir. 2012). On remand, the Government declined to retry the securities fraud charges after the defendants entered into deferred prosecution agreements.

Santiago petitioned the District Court for a writ of error coram nobis, arguing that it was unfair for her to have a felony conviction, given the vacatur of the convictions of more culpable defendants. She also argued that the vacatur of the securities fraud convictions cast doubt on whether her perjury "was related to criminal activity." But she did not argue that she was factually innocent of the crime to which she pleaded guilty. Nor did she identify any legal error in the procedures by which she was convicted.

In granting Santiago's petition and issuing the writ, the District Court pointed to Santiago's relatively minimal culpability and the comparatively light punishment of her more culpable superiors. These facts did not justify the issuance of the writ. Relief under coram nobis "is strictly limited to those cases in which errors . . . of the most fundamental character have rendered the [challenged criminal] proceeding . . . irregular and invalid." Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) (quotation marks omitted) (first alteration in original). Santiago concedes her guilt, and she points to no flaw in the proceedings that led to her conviction. There was neither error nor unfairness in her conviction, much less the kind of "extraordinary" circumstance, United States v. Denedo, 556 U.S. 904, 911 (2009), or "fundamental" error, Foont, 93 F.3d at 78, that might justify the issuance of the writ. We therefore are compelled to reverse the District Court's issuance of the writ.

We have considered all of Santiago's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is REVERSED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

3