**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Albert Houston CARTER, Defendant-Appellant.**

No. 29042.

United States Court of Appeals,
Fifth Circuit.

Jan. 14, 1971.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F. 2d 966.

Albert Houston Carter, pro se.

William J. Schloth, U. S. Atty., Charles T. Erion, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before JONES, GEWIN and CLARK, Circuit Judges.

PER CURIAM:

The appellant was convicted in the district court of perjury before a United States Commissioner. Appeal to this Court resulted in an affirmance by an equally divided Court sitting en banc. Carter v. United States, 5 Cir. 1963, 325 F.2d 697, cert. den. 377 U.S. 946, 84 S. Ct. 1353, 12 L.Ed.2d 308.

The defendant has now served his sentence on the perjury conviction and acknowledges that "all Federal custody and jurisdiction over him ceased in mid-1965." On July 1, 1969, he filed in the district court a motion for writ of error coram nobis to vacate his perjury conviction, alleging five separate grounds for such relief. The United States, in opposition to the appellant's motion, filed a motion to dismiss. The district court granted the Government's motion to dismiss, and entered an order, accompanied by written opinion, denying appellant's motion without a hearing. United States v. Carter, M.D.Ga.1969, 319 F.Supp. 702.

In United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, it was held by the Supreme Court that relief in the nature of coram nobis was not abol-ished by 28 U.S.C.A. 2255, and was available under the all-writs statute, 28 U.S.C.A. 1651(a). The Morgan decision reaffirmed the earlier case of United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129, where the Supreme Court restricted coram nobis relief to those cases where "errors * * * of the most fundamental character" existed; "that is, such [errors] as [would render] the proceeding itself irregular and invalid."

The district court's reasoning is sound and its conclusion is correct that there was no error of that fundamental character which permitted the issuance of a writ of coram nobis. This Court is in accord. The judgment of the district court is affirmed.