**Paul J. FOONT, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 1671, Docket 95–2721.**

United States Court of Appeals, Second Circuit.

Argued June 10, 1996.

Decided Aug. 22, 1996.

Anand Agneshwar, McCarter & English, Newark, New Jersey (Richard P. O'Leary, Mark Weissmann, McCarter & English, Newark, New Jersey, of counsel), for Petitioner–Appellant.

I. Bennett Capers, Assistant United States Attorney, New York City (Mary Jo White, United States Attorney, Southern District of New York, New York City, Michele Hirshman, Assistant United States Attorney, New York City, of counsel), for Respondent–Appellee.

Before: OAKES, ALTIMARI, and WALKER, Circuit Judges.

WALKER, Circuit Judge:

Defendant Paul J. Foont appeals from a memorandum decision and order, reported at 901 F.Supp. 729 (S.D.N.Y.1995), entered on October 25, 1995 in the United States District Court for the Southern District of New York (Charles S. Haight, *District Judge*), denying his petition for a writ of error coram nobis filed on February 10, 1995 to vacate his conviction on June 26, 1990 for conspiring to defraud the Internal Revenue Service ("IRS") and to violate various revenue laws. We affirm but do not reach the merits of Foont's petition, because we conclude that the district court did not abuse its discretion in finding that Foont failed to demonstrate "sound reasons" for his delay in seeking the writ.

## BACKGROUND

On October 10, 1989, the government filed a fifteen-count indictment charging Foont, an employee and principal of Cralin Partnerships ("Cralin"), and his co-defendant, Jeffrey L. Feldman, with participation in a scheme to defraud the IRS. Specifically, the indictment charged Foont and Feldman with conspiracy to defraud the United States by impeding and impairing the IRS; tax evasion; and aiding the filing of false tax returns, all of which arose out of certain financial transactions entered into by Cralin. On April 6, 1990, Foont pleaded guilty to Count One of the indictment, which charged him with conspiracy to create a fraudulent scheme to evade taxes; the remaining counts against Foont were dismissed. On June 26, 1990, he was sentenced principally to a term of incarceration of one year and one day. Foont did not appeal his conviction and completed his term of imprisonment on April 12, 1991.

On February 10, 1995, nearly five years after entering his guilty plea, Foont filed the instant petition for a writ of error coram nobis. In the petition, Foont asserted that 1) his guilty plea was involuntary and had been taken in violation of Fed.R.Crim.P. 11(f), and 2) he had a possible advice-of-counsel defense based on newly discovered exculpatory evidence, consisting of an article, a speech, and a letter, each authored by Peter Rothenberg, the attorney who had advised Cralin Partnerships, as well as various depositions in a civil proceeding. The Rothenberg materials set forth legal justifications for the Cralin transactions underlying Foont's conviction. Foont also claimed that the Rothenberg article, in particular, was improperly withheld *Brady* material. In his affidavit accompanying the petition, Foont asserted: "It was a mistake [to plead guilty] because I am *not* guilty, and that is why I now seek to vacate my plea." The district court dismissed his petition. Foont now appeals.

## DISCUSSION

Coram nobis is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which " 'errors ... of the most fundamental character' " have rendered " 'the proceeding itself irregular and invalid.' " *United States v. Carter*, 437 F.2d 444, 445 (5th Cir.) (per curiam) (quoting *United States v. Mayer*, 235 U.S. 55, 69, 35 S.Ct. 16, 19–20, 59 L.Ed. 129 (1914)), *cert. denied*, 403 U.S. 920, 91 S.Ct. 2238, 29 L.Ed.2d 698 (1971). A district court may issue a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a), where "extraordinary circumstances are present." *Nicks v. United States*, 955 F.2d 161, 167 (2d Cir.1992). The proceedings leading to the petitioner's conviction are presumed to be

correct, and "the burden rests on the accused to show otherwise." *United States v. Morgan,* 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954); *Nicks,* 955 F.2d at 167. A petitioner seeking such relief must demonstrate that 1) there are " 'circumstances compelling such action to achieve justice,' " *id.* at 167 (quoting *Morgan,* 346 U.S. at 511, 74 S.Ct. at 252–53), 2) "sound reasons exist [ ] for failure to seek appropriate earlier relief," *Morgan,* 346 U.S. at 512, 74 S.Ct. at 253, and 3) the petitioner "continues to suffer legal consequences from his conviction that may be remedied by granting of the writ," *Nicks,* 955 F.2d at 167.

In rejecting Foont's petition, the district court determined that Foont did not demonstrate "sound reasons" for the delay in seeking relief. With respect to Foont's contention that the district court did not conduct a proper allocution at the time of his guilty plea, the district court found:

> Foont has not, and cannot, establish sound reasons why he did not earlier apply to this Court to withdraw his guilty plea because of an inadequate allocution in violation of Rule 11.
>
> . . . . .
>
> The record of the plea proceedings, upon which Foont's present counsel relies and energetically parses, has been in existence since the day the plea was accepted. No reason appears why Foont could not have applied to withdraw his guilty plea on that basis prior to sentence or immediately after sentence and the entry of judgment of conviction, thereafter taking an appeal if unsatisfied by the result. There is no showing of mental incompetence ... or any other factor to justify the delay. Accordingly the propriety of this Court's accepting Foont's guilty plea cannot be raised on a writ of error *coram nobis.*

*Foont,* 901 F.Supp. at 735. The district court also rejected Foont's contention that the delay in his petition was due to his unawareness of documentary evidence supporting an advice-of-counsel defense. Based on this newly discovered evidence, Foont maintained that "Mr. Rothenberg's various statements, whether in a speech to colleagues at a seminar, in a scholarly article, or told to

the Disciplinary Committee, demonstrate that Cralin and its principals were relying upon the advice of counsel in structuring these transactions." *Id.* at 737 (quotation omitted). The district court concluded that, "[i]n short, this evidence is offered as proof of Foont's innocence of the crimes charged in the indictment." *Id.* at 736. The district court denied relief on this basis, concluding that newly discovered evidence bearing on the petitioner's guilt or innocence is not a legitimate use of the writ of error coram nobis. *Id.*

 Initially, it must be decided whether Foont's delay in seeking coram nobis renders the relief sought unavailable. In *United States v. Morgan,* the Supreme Court did not specify what might constitute "sound reasons" for delay. It is undisputed that "[b]ecause a petition for writ of error coram nobis is a collateral attack on a criminal conviction, the time for filing a petition is not subject to a specific statute of limitations." *Telink, Inc. v. United States,* 24 F.3d 42, 45 (9th Cir. 1994). However, an error of constitutional dimension at the time of plea or sentence renders a conviction voidable, not void, and coram nobis relief may be barred by the passage of time. A district court considering the timeliness of a petition for a writ of error coram nobis must decide the issue in light of the circumstances of the individual case.

 We review de novo the legal issue of whether the district court applied the proper standard in evaluating the delay in Foont's petition. The district court's ultimate decision to deny the petition on the ground that Foont has failed to demonstrate "sound reasons" for the delay is reviewed for an abuse of discretion. *See United States v. Darnell,* 716 F.2d 479, 480 (7th Cir.1983) (per curiam), *cert. denied,* 465 U.S. 1083, 104 S.Ct. 1454, 79 L.Ed.2d 771 (1984).

At the outset, Foont argues that the district court erroneously applied a "cause and prejudice" test—which governs habeas corpus petitions—rather than a laches standard in examining Foont's delay. Foont's suggestion that the district court applied the "cause and prejudice" standard is unsupported by the record. The district court carefully set

forth, without further embellishment, the "sound reasons" requirement articulated in *Morgan* and emphasized by this court in *Nicks.*

■ To the extent that Foont argues that the proper standard by which the existence of "sound reasons" should be measured is that of laches, we disagree. The Seventh and Ninth Circuits have compared *Morgan*'s "sound reasons" for delay requirement with the doctrine of laches to require that the government establish that its interests were prejudiced by the defendant's lack of diligence in pursuing his claim. *See, e.g., Darnell,* 716 F.2d at 480 ("a flexible, equitable time limitation based on the doctrine of laches" is applicable to petitions for coram nobis relief); *see also Telink,* 24 F.3d at 47 (same). However, we do not read *Morgan* as incorporating a laches concept into the analysis of delay in bringing a coram nobis petition. The *Morgan* Court stated only that a petitioner need demonstrate "sound reasons" for delay, which we interpret as calling to the attention of the district court the circumstances surrounding the petitioner's failure to raise the issue earlier rather than the government's injury that resulted from the delay. The critical inquiry, then, is whether the petitioner is able to show justifiable reasons for the delay.

We agree with the district court that Foont knew or should have known since the time of his conviction in 1990 of the facts underlying his current claim that he did not appreciate the legal insufficiency of his guilty plea. Foont's contention that his "short 'delay' is at least as excusable as" the fifteen-year delay that was forgiven in *Nicks* is unavailing. As the district court correctly noted, the facts in this case differ markedly from those in *Nicks,* where the district court concluded that the petitioner's "mental state" constituted sound reasons for the fifteen-year delay. *Nicks v. United States,* 835 F.Supp. 151, 155 (S.D.N.Y.1993) (on remand) (Haight, J.) ("to the extent that [the petitioner's] mental state must be factored into the equation, a sound reason emerges for his failure to petition at an earlier time for *coram nobis* relief"). In the present case, we believe that the district court carefully heeded our direction in *Nicks,* where we instructed: "If the district court decides that there was not sufficient justification for [the petitioner's] failure to seek relief at an earlier time, the writ is unavailable and [the] petition for *coram nobis* should be dismissed." *Nicks,* 955 F.2d at 167–68. In sum, we find no abuse of discretion by the district court in determining that Foont failed to demonstrate sound reasons for his delay in seeking relief.

■ Foont further asserts that his delay is attributable to the accumulation of newly discovered evidence to support an advice-of-counsel defense. Claims of new evidence, however, without constitutional or jurisdictional error in the underlying proceeding, cannot support a coram nobis claim. *See United States v. Keogh,* 391 F.2d 138, 148 (2d Cir.1968); *see also Moody v. United States,* 874 F.2d 1575, 1577 (11th Cir.1989) ("A claim of newly discovered evidence relevant only to the guilt or innocence of the petitioner is not cognizable in a coram nobis proceeding."), *cert. denied,* 493 U.S. 1081, 110 S.Ct. 1137, 107 L.Ed.2d 1042 (1990); *cf. Herrera v. Collins,* 506 U.S. 390, 404, 113 S.Ct. 853, 862–63, 122 L.Ed.2d 203 (1993) (claim of actual innocence based on newly discovered evidence, absent a constitutional violation, is not ground for federal habeas relief). Therefore, because Foont's claim of "newly discovered evidence" does not affect the validity of the plea itself, the district court correctly determined that the accumulation of evidence does not constitute sound reason for the delay.

■ In sum, Foont's contention on appeal that the district court overlooked "the wealth of justifiable reasons" proffered by the petitioner for the delay is wholly without merit. Quite to the contrary, to entertain Foont's petition notwithstanding his unjustifiable delay would be an unwarranted infringement upon the government's interest in the finality of convictions. As we explained in a different context, "[w]hile it is important that one convicted of crime in violation of constitutional principles should be accorded relief, it is also important that reasonable diligence be required in order that litigation may one day be at an end." *Honeycutt v. Ward,* 612 F.2d 36, 42 (2d Cir.1979), *cert. denied,* 446 U.S.

985, 100 S.Ct. 2969, 64 L.Ed.2d 843 (1980). Foont has failed to demonstrate sufficient reasons for his five-year delay in seeking to withdraw his guilty plea, and we do not find that the district court's denial of the petition on that basis was an abuse of discretion.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.