107 F.3d 5
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Gustav ZWERLING, Defendant-Appellant.
 No. 96-1452.
 United States Court of Appeals, Second Circuit.
 Feb. 24, 1997.
 
 1
 APPEARING FOR APPELLEE: LOUIS M. FREEMAN, New York, NY.
 
 
 2
 CATHERINE FRIESEN, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, on the brief, Zachary W. Carter, United States Attorney, Eastern District of New York), Brooklyn, NY.
 
 
 3
 Before JACOBS, CALABRESI and LAY,* Circuit Judges.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York, and was argued by counsel.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.
 
 
 6
 In April 1991, Gustav Zwerling pled guilty to one count of concealing a material fact from the Housing and Urban Development Department (HUD) in violation of 18 U.S.C. §§ 2, 1001, and 3623, and one count of income tax evasion in violation of 26 U.S.C. § 7201. He was sentenced to concurrent five-year terms of probation and a fine of $25,000 on each count. He now appeals from an order of the District Court for the Eastern District of New York (Wexler, J.) denying his motion to either waive the interest on the fine or reduce the fine itself. The district court denied the motion on the ground that it lacked jurisdiction to reduce the fine or the interest. Zwerling argues on appeal that the district court did have jurisdiction under one or more of the following theories: 1) a writ of coram nobis under the All Writs Act, 28 U.S.C. § 1651; 2) a vacating or correction of sentence pursuant to 28 U.S.C. § 2255; or 3) a modification of probation pursuant to 18 U.S.C. § 3651 (repealed).[1]
 
 I. Background
 
 7
 The facts of the underlying conviction may be summarized as follows. Zwerling was president of Union Mortgage Company ("Union"), and was informed by HUD that Union's permission to issue mortgages under the National Housing Act and other HUD programs was being revoked, by reason of misuse of escrow funds and other violations. Zwerling signed an agreement debarring himself from participating in HUD programs until November of 1986, and withdrawing Union permanently. In February 1982, however, Zwerling began to manage another mortgage company, in violation of the agreement. (He appointed another employee to serve as nominal president.) He also failed to report a sizeable amount of joint taxable income earned by him and his wife.
 
 
 8
 Zwerling pleaded guilty after entering into an agreement with the government that no additional charges would be brought regarding his operation of the second mortgage company or his other evasions of income taxes. Zwerling was sentenced on September 17, 1991, to concurrent five-year terms of probation; a fine of $25,000 on each count; and 400 hours of community service. On October 24, the government told Zwerling that a judgment had been assessed against him; failure to pay the debt immediately would cause interest to accrue at a rate of 18%.
 
 
 9
 On January 16, 1992, Zwerling moved under former Fed.R.Crim.P. 35(b) for elimination or reduction of the fine, arguing that 1) the penalties he owed the IRS were sufficient punishment for his tax offenses, and 2) the district court should not have imposed the fine for the HUD offense, because the violation was technical and resulted in no loss to HUD. This motion was denied. Zwerling did not pay the fine, but continued to litigate the tax obligations. In December of 1992, to obtain permission to travel outside the Eastern and Southern Districts, Zwerling entered into an agreement with his probation officer to deposit $50,000 into his attorney's escrow account to ensure the payment of the fines. The government was not informed of the escrow arrangement.
 
 
 10
 On January 19, 1994, Zwerling entered into a stipulation with the IRS to pay back taxes, interest, and penalties of $ 307,000. On March 24, 1995, Zwerling moved for reconsideration of the denial of his Rule 35 motion,[2] and for early discharge from supervision. These motions were denied. On August 16, 1995, Zwerling was informed that he owed $19,449.43 in principal on his fines and $33,850 in accrued interest. He paid the principal balance on August 30, but not the interest.
 
 
 11
 On March 12, 1996, Zwerling moved to waive interest and stay enforcement of collection--the motion that is the basis of this appeal. Zwerling argued that he should not have to pay interest, when, in good faith and on advice of counsel, he placed the $50,000 in escrow. The district court denied the motion on May 2. Zwerling moved for reconsideration, and a hearing was conducted on June 12. The district court stated that it was inclined to reduce the interest, but felt it had no authority to do so. The court denied the motion by order dated June 20, but stayed enforcement of the collection of the fine pending the outcome of this appeal.
 
 II. Discussion
 
 12
 Zwerling argues that the district court had jurisdiction pursuant to three statutes: the All Writs Act, 28 U.S.C. § 1651; 28 U.S.C. § 2255, and 18 U.S.C. § 3651 (repealed).
 
 A. Section 1651
 
 13
 A court may grant a writ of coram nobis under § 1651 when "extraordinary circumstances are present." Nicks v. United States, 955 F.2d 161, 167 (2d Cir.1992). Coram nobis is not a substitute for appeal, and relief is limited to those situations in which "errors ... of the most fundamental character" have rendered the proceeding itself "irregular and invalid." Foont v. United States, 93 F.3d 76, 78 (2d Cir.1996); United States v. Mayer, 235 U.S. 55, 69 (1914).
 
 
 14
 Zwerling argues that because the district court did not know and could not have known the extent of the civil fines and penalties that would be imposed, the court did not consider the back taxes, interest, and penalties owed the IRS as mitigating factors in determining Zwerling's fine. As to the interest, Zwerling contends that his non-payment of the fines was a good-faith effort to preserve his rights, because: if he had paid the fines before resolving the IRS dispute, the district court might have lost its jurisdiction to eliminate or reduce his fines; and his estate could not have taken over an action to recoup fines in the event of his death. Thus he argues that he should not be penalized for trying to guard against loss of his right to ask the district court to reconsider the fines after the conclusion of the IRS proceedings.
 
 
 15
 There is absolutely nothing in this case to suggest that any sort of "extraordinary circumstances" are present, or that any "fundamental" error has been committed. Both Zwerling and the district court were fully aware that Zwerling was going to owe back taxes. As the government points out, Zwerling knew better than anyone how much he owed in back taxes. This was not newly-discovered information. Additionally, the court chose to fine Zwerling $50,000, rather than the maximum possible: $250,000. This may well have reflected an understanding on the part of the district court that back taxes were impending. At sentencing, the government informed the court that the IRS was "assessing something in the neighborhood of $350,000"--a figure higher than the actual assessment of $308,000. The district court was aware of this number before imposing the fine. Finally, the fact that $50,000 was sitting in an escrow account, unbeknownst to the government, does not suggest the existence of "extraordinary circumstances." Zwerling's argument that he may have failed to pay his fine in order to preserve his legal rights does not warrant a writ of coram nobis.
 
 B. Section 2255
 
 16
 28 U.S.C. § 2255 provides that a district court may set aside a sentence that was, inter alia, "not authorized by law or otherwise open to collateral attack, or that [denies or infringes the] constitutional rights of the prisoner so as to render the judgment subject to collateral attack." We have held that a district court may set aside a sentence under this section "for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Bokun, 73 F.3d 8, 12 (2d Cir.1995).
 
 
 17
 Zwerling repeats the same arguments he adduced to justify issuance of a writ of coram nobis. They do not fare any better under § 2255. None of his assertions support a finding of a constitutional error, a lack of jurisdiction, or a fundamental error of law or fact resulting in a miscarriage of justice.
 
 C. Section 3651 (repealed)
 
 18
 Because Zwerling's acts were committed prior to 1987, his term of probation is governed by 18 U.S.C. § 3651, which provides in relevant part:
 
 
 19
 Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.
 
 
 20
 The court may revoke or modify any condition of probation, or may change the period of probation.
 
 
 21
 * * *
 
 
 22
 * * *
 
 
 23
 While on probation and among the conditions thereof, the defendant--
 
 
 24
 May be required to pay a fine in one or several sums....
 
 
 25
 Zwerling argues that his fine was a condition of probation, and that the district court therefore had jurisdiction to alter it as long as probation was ongoing. The government argues that Zwerling has waived this argument by failing to raise it at the hearing. We agree.
 
 
 26
 At the hearing on the motion, Zwerling's attorney stated:
 
 
 27
 Your honor, as I set forth in my motion to waive interest and stay enforcement of collection, your Honor has various grounds for retaining jurisdiction. I think the clearest ground and the safest ground for your Honor to rely on would be a 2255 motion. A 2255 motion to correct a sentence can be made at any time.
 
 
 28
 Mr. Zwerling's probation has not expired. For purposes of the statute, the fact that he's on probation gives you the power to act on a motion to correct sentence at any time.
 
 
 29
 Your Honor could ... conceivably waive interest pursuant to 2255 or your Honor could reduce the fine and let the interest go to the government in lieu of the $25,000 fine. I mean the history of this case is critical.
 
 
 30
 Your Honor, the reason we waited until 1995 to ask for reconsideration of the motion to deny the Rule 35 was because we were dealing with the IRS for three years. It took three years to finally agree on the amount that Mr. Zwerling should pay....
 
 
 31
 (emphasis added.)
 
 
 32
 The reference to "the statute" is sandwiched between two statements regarding § 2255. There is no reason to believe that Zwerling's attorney was referring to anything other than § 2255, particularly because the motion at issue made no reference to § 3651 or its successor, § 3563. At oral argument, Zwerling's lawyer pointed out that, during the hearing in district court, he referred to the "entire history" of the case, which should have indicated to the court that he meant § 3651 as well. We find this unconvincing, to say the least.
 
 
 33
 Zwerling's period of probation expired on September 17, 1996. Because we conclude that Zwerling waived the § 3651 argument, we need not address the issue of whether the district court's stay of its order on June 12, 1996, pending appeal to this court served to toll the expiration of probation.
 
 
 34
 We have examined all of Zwerling's arguments, and find them to be without merit. The judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 [1]
 Section 3651 is applicable because Zwerling's acts were committed before 1987. Section 3651 has subsequently been replaced by 18 U.S.C. § 3563
 
 
 [2]
 The government contested the motion, on the ground, inter alia, that the 120-day deadline for Rule 35(b) motions had expired