09-2079-cr
United States v. Sash

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of April, two thousand ten.

PRESENT: DENNIS JACOBS,
                        **Chief Judge**,
            RALPH K. WINTER,
            JOHN M. WALKER, JR.,
                        **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X

United States of America,
        **Appellee**,

        **-v.-**                                          09-2079-cr

Eliot Sash, also known as Steven Sash,
also known as Eliot Sashe,
        **Defendant-Appellant**.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:           Malvina Nathanson, New York, NY.

FOR APPELLEE:            Harry A. Chernoff, Daniel A. Braun,
                         Assistant United States Attorneys, of
                         counsel, <u>for</u> Preet Bharara, United States
                         Attorney for the Southern District of New
                         York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Eliot Sash appeals from an April 24, 2009 order of the United States District Court for the Southern District of New York (Kaplan, J.), inter alia denying his petition for a writ of error coram nobis. In 2003, Sash pleaded guilty to various federal charges arising out of his possession and distribution of counterfeit New York Police Department badges. Having served his sentence, he now collaterally challenges his conviction, principally on the ground that he was afforded ineffective assistance of counsel. The district court denied his challenge without an evidentiary hearing. We otherwise assume the parties' familiarity with the underlying facts, the case's procedural history, and the issues presented for review. We review the district court's decision for abuse of discretion. E.g. Porcelli v. United States, 404 F.3d 157, 158 (2d Cir. 2005).

"A petitioner seeking [coram nobis] relief must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for

2

failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996) (citations, brackets, and internal quotation marks omitted). We conclude that Sash has failed to demonstrate that "sound reasons exist for failure to seek appropriate earlier relief," and we therefore need not consider the other two requisites. Fifty-one months elapsed between Sash's conviction and sentencing, on January 23, 2004, **SA 151**, and his petition, on May 1, 2008, **DA 22**. Cf. Foont, 93 F.3d at 78, 80 (finding that "nearly five years[']" delay between time petitioner "knew or should have known . . . of the facts underlying his [coram nobis] claim" and his petition is too much absent "sound reasons for his delay"). And Sash offers no "sound reason" for this delay. He invokes ineffective assistance of counsel; but he could have asserted his claim pro se, as he has the present petition. There is no right to counsel past trial and direct appeal, so proceeding pro se on collateral challenge is expected. Moreover, Sash is certainly familiar with the process for doing so: He is an active pro se litigant, having filed (among many other actions) at least three habeas petitions

3

and one petition coram nobis in the last ten years, see Petition for Writ of Habeas Corpus, Sash v. Laird, No. 06 Civ. 6052(LB) (E.D.N.Y. Nov. 7, 2006); Petition for Writ of Habeas Corpus, Sash v. Zenk, No. 05 Civ. 3543(LAK)(THK) (S.D.N.Y. Apr. 6, 2005); Petition for Writ of Habeas Corpus, Sash v. Zenk, No. 04 Civ. 2503(ENV) (E.D.N.Y. June 15, 2004); Petition for Writ of Error Coram Nobis, Sash v. Zenk, No. 03 Civ. 1321(TJM)(GJD) (N.D.N.Y. Oct. 30, 2003).

Similarly unavailing is Sash's argument that he delayed filing the instant petition because he was preoccupied with other proceedings. As a person designated a "frequent filer," he can hardly claim lack of time to litigate. See Sash v. United States, No. 09 Civ. 450(DC), 2009 WL 3007379, at *6 (S.D.N.Y. Sept. 22, 2009). Since 2004, he has "been the plaintiff in at least twenty-four different cases . . . the vast majority of which have been dismissed." Id. And "[w]hen his cases have been dismissed, Sash has regularly appealed, despite district courts' express finding that an appeal would not be in good faith." Id. at *7. We find no abuse of discretion here. Cf. United States v. Keogh, 391 F.2d 138, 142, 149 (2d Cir. 1968) (remanding for an evidentiary hearing where "the record is not sufficient to

4

tell us how the case should be decided," and affirming dismissal without a hearing elsewhere).

Finding no merit in Sash's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK