14-2929-cv
*Worlumarti v. United States*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand fifteen.

PRESENT:  JOSÉ A. CABRANES,
 REENA RAGGI,
 RICHARD C. WESLEY,
  *Circuit Judges.*

---

JESSE WORLUMARTI,

  *Petitioner,*                    No. 14-2929-cv

 v.

UNITED STATES OF AMERICA,

  *Respondent.*

---

**FOR PETITIONER:**           JESSE LEVINE (Andrew Ehrinpreis, *on the brief*), Ehrinpreis & Levine, PLLC, New York, NY.

**FOR RESPONDENT:**           MICHAEL H. WARREN, Assistant United States Attorney (Amy Busa, Assistant United States Attorney, *on the brief*), *for* Kelly T. Currie, Acting United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's order is **AFFIRMED**.

Petitioner Jesse Worlumarti appeals from a May 5, 2014 order denying his second petition for a writ of *coram nobis*.

## BACKGROUND

On March 29, 1997, Worlumarti arrived at John F. Kennedy International Airport from Germany. He attempted to enter the United States using a forged passport from the Netherlands but was denied entry. When officers of the Immigration and Naturalization Service ("INS") attempted to return him to Germany, he refused to board the plane. On April 1, 1997, Worlumarti physically resisted removal, causing a disturbance at the entrance to another plane. On April 2, 1997, Worlumarti again struggled with INS officers attempting to have him removed, screaming that he would "blow this plane" if he were forced to board. He was then arrested.

On May 23, 1997, Worlumarti was indicted on a charge of using a false passport in violation of 18 U.S.C. § 1543. On July 25, 1997, he pleaded guilty pursuant to a plea agreement, which specifically noted that his removal from the United States could be a consequence of his plea. On September 26, 1997, the District Court sentenced Worlumarti to an above-Guidelines sentence of one year in prison, in large part due to Worlumarti's repeated refusals to leave the country and his perceived threat to blow up a plane.[1] On appeal, we affirmed the conviction and sentence. *See United States v. Celenk*, 159 F.3d 1348, 1998 WL 480756 (2d Cir. July 23, 1998) (unpublished opinion).[2] Our mandate in that appeal issued on August 14, 1998.

On May 31, 2000, Worlumarti filed a petition for *coram nobis* relief. He sought vacatur of his conviction or, in the alternative, a reduction of his one-year sentence of imprisonment, which he had already served. He asserted that this relief was warranted because his conviction of a crime carrying a one-year sentence rendered him *per se* ineligible for political asylum in the United States,[3] and because he claimed that his counsel failed to consider the "adverse immigration consequences" of his guilty plea and sentence. App'x 115. On February 8, 2002, the District Court denied Worlumarti's petition. *See Worlumarti v. United States*, No. 00 Civ. 3538 (JG), 2002 WL 257817 (E.D.N.Y. Feb. 8, 2002). Given Worlumarti's awareness at the time of the plea that deportation was a likely consequence of that plea, the District Court ruled Worlumarti had "not made a convincing

---

[1] Worlumarti's Sentencing Guidelines range was zero to six months. *See* PSR ¶¶ 8-17.

[2] The name Worlumarti used on his forged Dutch passport was Nuri Celenk.

[3] *See* 8 U.S.C. § 1101(a)(43)(P) (defining violations of § 1543 for which sentence is at least one year as an "aggravated felony") and § 1158(b)(2)(B) (rendering persons convicted of an aggravated felony ineligible for asylum).

case that the issuance of the writ [was] required to achieve justice." *Id.* at *2. Worlumarti did not appeal the denial of his petition.

On November 8, 2013—more than 16 years after his sentencing—Worlumarti filed a second petition for *coram nobis* relief, asserting that he was denied the effective assistance of counsel during his criminal case.[4] Specifically, Worlumarti asserts that his counsel was deficient in failing to alert the District Court that a sentence of one year would render him *per se* ineligible for asylum status.[5] App'x 171-72. He also claims that his counsel was deficient in failing to argue at sentencing that Worlumarti's entry into the United States and subsequent resistance were motivated by fears of political persecution in Nigeria. Finally, Worlumarti asserts that his counsel should have made more persuasive arguments against the imposition of an above-Guidelines sentence. On May 5, 2014, the District Court denied Worlumarti's second *coram nobis* petition. *See* App'x 164-73.

## DISCUSSION

"A writ of error *coram nobis* is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction" but who continue to suffer the conviction's consequences. *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000) (internal quotation marks omitted). "*Coram nobis* is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks and ellipsis omitted). To obtain *coram nobis* relief, Worlumarti must demonstrate that: (1) there are circumstances compelling such action to achieve justice; (2) sound reasons exist for failure to seek appropriate earlier relief; and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ. *See id.* at 79.

When a *coram nobis* petition alleges ineffective assistance of counsel, *Strickland v. Washington*, 466 U.S. 668 (1984), applies, and the petition must therefore prove that: (1) counsel's performance was objectively unreasonable; and (2) the deficient performance prejudiced the petitioner. To establish prejudice resulting from an attorney's error, a petitioner must prove there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

---

[4] As the District Court explained, an immigration judge has found that Worlumarti would likely be tortured if he returned to Nigeria, his country of citizenship. But Worlumarti's conviction and sentence have rendered him ineligible for asylum in the United States. He is currently permitted to remain in this country under an order withholding his removal to prevent torture. *See* App'x 164.

[5] Had Worlumarti been sentenced to serve one day less than one year in prison, he would not be *per se* ineligible for asylum status. *See* note 3, *ante.*

Based on our review of the record and of the arguments made on appeal, we affirm the District Court's denial of Worlumarti's second *coram nobis* petition, but on different grounds. *See McElwee v. County of Orange*, 700 F.3d 635, 640 (2d Cir. 2012) ("We may affirm summary judgment on any ground supported by the record, even if it is not one on which the district court relied."). The District Court reached the merits of Worlumarti ineffective assistance of counsel claim, and concluded that the claim failed under *Strickland*. We, however, decline to reach the merits of Worlumarti's *Strickland* claim; instead, we affirm the denial of the petition on timeliness grounds.

When Worlumarti filed his first *coram nobis* petition (in May 2000), he knew of all relevant facts relating to a possible *Strickland* claim for ineffective assistance of counsel. He failed, however, to bring such a claim. Then, in denying his first petition in February 2002, the District Court expressly noted the omission of the *Strickland* claim, putting Worlumarti on notice that he could raise such a claim in a successive petition. However, he waited until November 2013—over 11 years later—to file this petition. Worlumarti's professed need to find counsel to pursue the claim at issue is not sufficient reason to excuse an 11-year delay. *Cf.* 28 U.S.C. § 2244(d)(1) (a federal *habeas corpus* petition raising an ineffective assistance of counsel claim must be filed within one year of the latest of four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). Accordingly, we hold that Worlumarti's second *coram nobis* petition was untimely filed.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the District Court's May 5, 2014 order denying Worlumarti's second petition for a writ of *coram nobis*.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4