16-3192-cr
*United States v. Guzman-Ferreiras*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand seventeen.

PRESENT: DENNY CHIN,
                CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,
                JANE A. RESTANI,
                    *Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,
                    *Appellee*,

                    v.

LUIS RODRIGUEZ-HILARIO,
                    *Defendant*,

SERGIO DONATO GUZMAN-FERREIRAS,
                    *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

16-3192-cr

---

[*] Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

FOR APPELLEE:                      Barbara A. Masterson and Gregory L. Waples,
                                   Assistant United States Attorneys, *for* Eugenia
                                   A.P. Cowles, Acting United States Attorney for
                                   the District of Vermont, Burlington, Vermont.

FOR DEFENDANT-APPELLANT:      Labe M. Richman, New York, New York.

Appeal from the United States District Court for the District of Vermont

(Murtha, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Sergio Donato Guzman-Ferreiras ("Guzman")

appeals the order of the district court entered July 21, 2016, denying his petition for a

writ of error *coram nobis* vacating his conviction. Guzman's petition arose from his

March 19, 2004, judgment of conviction upon his guilty plea to transportation of illegal

aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Guzman is no

longer in custody, and is facing deportation as he has been ordered removed from the

United States. Guzman argues that his trial counsel failed to advise him accurately

about the immigration consequences of his guilty plea. We assume the parties'

familiarity with the facts, procedural history, and issues on appeal.

We review the district court's decision denying a writ of error *coram nobis*

for abuse of discretion. *Foont v. United States*, 93 F.3d 76, 79 (2d Cir. 1996). "A writ of

error *coram nobis* is an 'extraordinary remedy,' typically available only when habeas

relief is unwarranted because the petitioner is no longer in custody." *Kovacs v. United*

*States*, 744 F.3d 44, 49 (2d Cir. 2014) (internal citation omitted). To obtain *coram nobis* relief, a petitioner must show "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Id.* (quoting *Foont*, 93 F.3d at 79).

The district court did not abuse its discretion in denying Guzman's petition for a writ of error *coram nobis* based on the claimed error in the advice he was given about the immigration consequences of his guilty plea. First, the record establishes that Guzman was advised by his counsel and the district court that his guilty plea "may result in deportation." Guzman's written plea agreement, which he and his trial counsel both signed, stated that "[t]he defendant is aware that, if he is an alien . . . , the guilty plea may result in deportation." App. 101. Moreover, at Guzman's plea hearing on November 4, 2003, the district court asked Guzman if he was aware his "guilty plea may result in . . . deportation," App. 28-29, and Guzman responded that he understood. The district court confirmed with Guzman's counsel that she had "reviewed with [Guzman] the charge to which he is pleading guilty as well as each and every paragraph of the plea agreement." App. 36. These warnings were sufficient to satisfy counsel's obligations, prior to *Padilla v. Kentucky*, 559 U.S. 356 (2010), to advise Guzman of the immigration consequences of his guilty plea. *See Chaidez v. United States*, 568 U.S. 342 (2013) (holding that *Padilla* could not be applied retroactively to cases which became final before the case was decided); *see also United States v. Couto*, 311 F.3d

3

179, 187 (2d Cir. 2002) ("We have held that an attorney's failure to inform a client of the deportation consequences of a guilty plea, without more, does not fall below an objective standard of reasonableness."), *abrogated by Padilla*, 559 U.S. at 370.[1]

Second, Guzman's petition is untimely. He has not provided a sound reason as to why he delayed for over twelve years in bringing the petition. *See Foont*, 93 F.3d at 79 ("[C]oram nobis relief may be barred by the passage of time."). Guzman pled guilty on November 4, 2003. He did not file a motion to set aside his guilty plea. Nor did he file a motion to set aside the sentence pursuant to 28 U.S.C. § 2255. It was only on March 10, 2016, that Guzman filed his petition for a writ of error *coram nobis*. In fact, Guzman's trial counsel specifically identified the passage of time as a barrier to her recalling specifically what advice she gave Guzman. Accordingly, the district court did not abuse its discretion in denying Guzman's petition for a writ of error *coram nobis*.

We have considered all of Guzman's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We note that this case does not involve a situation where counsel made an affirmative misrepresentation that a conviction would not result in immigration consequences. *See e.g., Kovacs v. United States*, 744 F.3d 44, 50-51 (2d Cir. 2014). Moreover, while cases have held that where deportation is mandatory, it is objectively unreasonable post-*Padilla* to fail to inform a client that deportation is certain, *see Rodriguez v. New York*, No. 16-cv-5615, 2017 WL 1655217, at *9 (E.D.N.Y. May 2, 2017) (collecting cases), the conviction here became final long before *Padilla*.