19-1256-cv

In the Matter of the Petition of James M. Kernan v. On Notice to the United States Department of Justice as its interests may appear

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand nineteen.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges.*

-----------------------------------------------------------------

IN THE MATTER OF THE
PETITION OF JAMES M. KERNAN,

*Petitioner-Appellant,*

v.                                                                No. 19-1256-cv

ON NOTICE TO THE UNITED STATES
DEPARTMENT OF JUSTICE AS ITS
INTERESTS MAY APPEAR,

*Respondent-Appellee,*

-----------------------------------------------------------------

FOR APPELLANT:                          FRANK POLICELLI, Law Office
                                        of Frank Policelli, Utica, NY.

FOR APPELLEE:                           No Appearance.

Appeal from an order of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

James M. Kernan, an attorney, appeals from an order of the District Court (Suddaby, C.J.) denying his petition for a writ of error coram nobis.  On appeal, Kernan argues that the District Court erred in denying the writ, as he continues to suffer legal consequences from his criminal convictions, had sound reasons for not asking for relief at an earlier time, and the relief must be granted to achieve justice.  We assume familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"On appeal, we review de novo the question of whether a district judge applied the proper legal standard, but review the judge's ultimate decision to deny the writ for abuse of discretion."  United States v. Mandanici, 205 F.3d 519,

524 (2d Cir. 2000).  "A petitioner seeking coram nobis relief must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ."  Kovacs v. United States, 744 F.3d 44, 49 (2d Cir. 2014) (quotation marks omitted).  The writ is an "extraordinary remedy," id. (quotation marks omitted), and is "strictly limited to those cases in which errors . . . of the most fundamental character have rendered the proceeding itself irregular and invalid," Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) (quotation marks omitted).

With respect to the first element above, the District Court concluded that granting the writ would not achieve justice.  We find no abuse of discretion in this conclusion.  Kernan represented Oriska Insurance Company in a lawsuit filed over ten years after he pleaded guilty, even after the New York Department of Financial Services (DFS) prohibited him from providing any legal services to Oriska in February 2013.

The District Court also concluded that there was no sound reason for Kernan's delay in seeking relief. We similarly see no error in this conclusion. Kernan argues that the harm stemming from his conviction did not occur until he was disqualified from representing Oriska in November 2018 and his application for readmittance to the bar of the Northern District of New York was denied in December 2018. But as stated above, DFS ordered him not to provide legal services to Oriska in February 2013, nearly six years before he filed his petition here. And in any case, relief under the writ is not a substitute for direct appeal. See Foont, 93 F.3d at 78. More fundamentally, Kernan offers no reason why he delayed seeking relief based on alleged Brady violations. Indeed, when Kernan previously petitioned for a writ of error coram nobis in 2014, the District Court denied the petition because, as relevant here, it concluded that Kernan had not demonstrated reasons for the delay in seeking relief, and Kernan voluntarily dismissed his appeal of that decision.

4

We have considered Kernan's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court