21-890-pr
Morales v. United States

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of October, two thousand twenty-two.

PRESENT:  ROBERT D. SACK,
                    RAYMOND J. LOHIER, JR.,
                    MYRNA PÉREZ,
                            *Circuit Judges.*

------------------------------------------------------------------

JOSEPH DAVID MORALES,

            *Petitioner-Appellant*,

        v.                                                          No. 21-890-pr

UNITED STATES OF AMERICA,

            *Respondent-Appellee.*

------------------------------------------------------------------

FOR PETITIONER-APPELLANT:          RONALD PAUL HART, ESQ.,
                                                          New York, NY.


FOR RESPONDENT-APPELLEE:          KYLE A. WIRSHBA (Stephen J.

Ritchin, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney, Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Joseph David Morales appeals from a March 26, 2021 order of the District Court (Preska, J.) denying his motion under 28 U.S.C. § 2255, which the District Court construed as a petition for a writ of error coram nobis because Morales had been released from custody while the motion was pending. On appeal, Morales argues that the District Court should have granted the writ because he continues to suffer legal consequences from his criminal convictions and because his trial counsel provided ineffective assistance. We assume familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"A writ of error coram nobis is an "extraordinary remedy," Kovacs v. United States, 744 F.3d 44, 49 (2d Cir. 2014) (quotation marks omitted), and

2

"relief under the writ is strictly limited to those cases in which errors . . . of the most fundamental character have rendered the proceeding itself irregular and invalid," Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) (quotation marks omitted). "A petitioner seeking coram nobis relief must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Kovacs, 744 F.3d at 49 (quotation marks omitted).

In denying Morales's petition, the District Court cited his failure to show that he continues to suffer any legal consequences from his convictions. Urging a contrary conclusion, Morales claims that his convictions will "hamper [him] with . . . civil disabilities and stigma that will cause serious and lasting harm, not to mention the life-long psychological effects of a criminal conviction and ensuing sentence to Federal prison." Appellant's Br. 20. We conclude that the District Court did not exceed its discretion when it refused to grant the writ on the ground that Morales's unsubstantiated, vague, and speculative claims fell short of demonstrating "a concrete threat that an erroneous conviction's lingering disabilities will cause serious harm." Fleming v. United States, 146 F.3d

3

88, 91 (2d Cir. 1998) (quotation marks omitted). Neither "purely speculative harms" nor "the stigma of a conviction" constitute sufficiently "serious harm" to warrant relief. Id. at 90-91 (quotation marks omitted).

Morales's failure to establish that he suffers continued legal consequences from his convictions is reason alone to deny his petition. See, e.g., Fleming, 146 F.3d at 90-91. But the District Court also considered and rejected his argument that ineffective assistance of counsel compels granting the writ. On appeal, as in the District Court, Morales identifies three grounds for his ineffective assistance of counsel claim: first, that his counsel failed to object to the District Court's decision to allow a police officer to testify as both a fact and expert witness; second, that his counsel failed to present an expert witness regarding the identification of altered vehicle identification numbers ("VINs"); and third, that his counsel recommended that Morales not testify on his own behalf. See Appellant's Br. 15-16. The District Court did not err in rejecting all three grounds.

First, counsel's decision not to object to the police officer's dual testimony as both a fact and expert witness was not "objectively unreasonable." Kovacs, 744 F.3d at 49. We have described a similar record of dual testimony as "not

4

objectionable in principle." United States v. Feliciano, 223 F.3d 102, 121 (2d Cir. 2000). Here, the District Court exercised "particular vigilance to ensure that the witness's dual role" did not "impair the jury's ability properly to evaluate credibility," by explaining to the jury where the expert portion of the officer's testimony ended and the fact portion began. United States v. Barrow, 400 F.3d 109, 124 (2d Cir. 2005). Morales fails to specify why the officer's dual testimony nonetheless merited an objection, or how he was prejudiced by counsel's failure to object.

We also reject Morales's argument that counsel rendered ineffective assistance by declining to call an expert witness on the identification of altered VINs. Courts considering claims of ineffective assistance of counsel are "especially deferential to defense attorneys' decisions concerning which witnesses to put before the jury." Greiner v. Wells, 417 F.3d 305, 323 (2d Cir. 2005); see United States v. Luciano, 158 F.3d 655, 660 (2d Cir. 1998). Here, Morales does not explain why counsel's failure to call an expert witness amounted to ineffective assistance or how he was prejudiced by counsel's failure.

Finally, we reject Morales's argument that counsel rendered ineffective assistance by preventing Morales from testifying even though he wanted to do

5

so. See, e.g., Appellant's Br. 18 ("[C]ounsel decided that it was he, and not the Appellant, who would make [the] decision [to testify]."). Because Morales did not make that claim before the District Court, we consider only his claim that counsel "wrongly advise[d]" him about the decision to testify. App'x 42. As to that claim, we see no error. We have recognized that "counsel should always advise the defendant about the benefits and hazards of testifying and of not testifying, and may strongly advise the course that counsel thinks best." Brown v. Artuz, 124 F. 3d 73, 79 (2d Cir. 1997). In addition, Morales has not demonstrated that he was prejudiced by counsel's advice.

We have considered Morales's remaining arguments and conclude that they are without merit or abandoned. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court