23-6573-cr
*United States v. Aguiar*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-five.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

───────────────────────────────

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                    23-6573-cr

STEPHEN T. AGUIAR,

> *Defendant-Appellant*.

───────────────────────────────

FOR DEFENDANT-APPELLANT:  Stephen Aguiar, *pro se*, Ayer, MA.

FOR APPELLEE:  Wendy L. Fuller & Gregory L. Waples, Assistant United States Attorneys, *for* Nikolas P. Kerest, United States Attorney for the District of Vermont, Burlington, VT.

Appeal from the judgments of the United States District Court for the District of Vermont (William K. Sessions III, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments deemed to have been entered on May 7, 2019, and February 27, 2023, are **AFFIRMED**.

Defendant-Appellant Stephen Aguiar ("Aguiar") appeals from the district court's judgment denying his petition for a writ of error *coram nobis* and subsequent denial of his motion to alter or amend that judgment pursuant to Federal Rule of Civil Procedure 59(e). We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

**DISCUSSION**

A writ of error *coram nobis* "is an extraordinary remedy available only in rare cases" and is "typically available only when habeas relief is unwarranted because the petitioner is no longer in custody." *Kovacs v. United States*, 744 F.3d 44, 49, 54 (2d Cir. 2014) (internal quotation marks omitted). It is "not a substitute for appeal, and relief . . . is strictly limited to those cases in which errors of the most fundamental character have

2

rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (alterations adopted and internal quotation marks omitted).  Although a *coram nobis* petition is not subject to a statute of limitations, *see id.* at 79, a petitioner must "show justifiable reasons for the delay" in seeking relief, *id.* at 80.  We review a district court's decision to deny a writ of error *coram nobis* for abuse of discretion.  *See United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000).

Here the district court concluded that Aguiar offered no sound reason for his 18-year delay in seeking relief.  We agree.  Relying on the record, the district court found that between Aguiar's 1995 conviction and his 2013 petition challenging that conviction, Aguiar was convicted on other charges, from which he filed at least one *pro se* appeal, indicating his familiarity with the process for filing a document with the court.  But Aguiar did not file a Section 2255 motion in this case and provides no explanation for his failure to pursue an ineffective assistance of counsel claim through that channel.

Insofar as Aguiar asserts that he did not discover counsel's errors until "recently," (at the time of filing the *coram nobis* petition in 2013) and did not learn of the *coram nobis* procedure until 2011, the record indicates that, in fact, Aguiar knew of potential ineffective assistance issues as early as 1995 because, in his own filings, he describes wanting to file a direct appeal but being urged by counsel to withdraw his notice of appeal because it could lead to a longer sentence.  Nor do Aguiar's mental health issues and traumatic brain injury excuse an 18-year delay as the record shows that Aguiar knew

3

of these matters at least by 2010. In any event, Aguiar has not provided any evidence that they rendered him unable to proceed with his claim. In sum, Aguiar has not shown that he exercised the due diligence in reviewing his case for errors and remedies to justify an 18-year delay.

Finally, this Court has affirmed district court denials of *coram nobis* petitions on timeliness grounds based on filing delays shorter than the 18-year delay at issue here. *See Chhabra v. United States*, 720 F.3d 395, 405, 410–11 (2d Cir. 2013) (six-year delay); *see also Foont*, 93 F.3d at 78, 80 (five-year delay). Based on the foregoing, the district court's denial of Aguiar's petition was not an abuse of discretion and was "located within the range of permissible decisions." *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009) (internal quotation marks omitted); *see Doe v. United States*, 915 F.3d 905, 909 (2d Cir. 2019).

Even if Aguiar's petition were deemed timely, the district court correctly determined that he failed to establish that he was not prejudiced by his counsel's representation during the 1994-1995 proceedings. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

The record reveals extensive evidence of Aguiar's culpability, including his selling morphine to an undercover agent and stealing a firearm while wearing an electronic monitor. Aguiar nevertheless argues that he would not have entered a guilty plea if trial counsel (1) had moved to suppress evidence seized from his father's car; and (2) had conducted a pretrial investigation supporting a diminished capacity defense. Aguiar

4

does not indicate how counsel would have succeeded in suppressing evidence, given his father's consent to the car search. Nor has he shown how further investigation by counsel would have supported a diminished capacity defense. Certainly, Aguiar has not provided medical evidence that he suffered from a level of diminished capacity that was significant enough to undermine his conviction. *See United States v. Valdez*, 426 F.3d 178, 184 (2d Cir. 2005) (explaining that, defendant must prove "causal link between the diminished capacity and the charged offense" by preponderance of evidence at sentencing). Therefore, Aguiar's claim that the district court misapplied the *Strickland* prejudice standard is without basis, and his ineffective assistance claim was correctly rejected on the merits.

\* \* \*

We have considered Aguiar's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5