15-3771-cr
United States v. Seepersad

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 6th day of January, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             RAYMOND J. LOHIER, JR.,
                            *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

          v.                                                    15-3771-cr

ASHRAM SEEPERSAD,

                    *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     Rion Latimore, Minneapolis, MN.

Appearing for Appellee:      J. Matthew Haggans, Assistant United States Attorney (Emily
                             Berger, Assistant United States Attorney, *on the brief*), *for* Robert
                             L. Capers, United States Attorney for the Eastern District of New
                             York, Brooklyn, NY.

---

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Eastern District of New York (Amon, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Ashram Seepersad appeals from the September 29, 2015 memorandum and order of the United States District Court for the Eastern District of New York (Amon, *C.J.*) denying his petition for a writ of coram nobis. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"Coram nobis is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors . . . of the most fundamental character have rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks and citation omitted). "The proceedings leading to the petitioner's conviction are presumed to be correct, and the burden rests on the accused to show otherwise." *Id.* at 78-79 (internal quotation marks and citation omitted). "A petitioner seeking such relief must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Id.* at 79 (internal quotation marks, brackets and citations omitted). "On appeal, we review *de novo* the question of whether a district judge applied the proper legal standard, but review the judge's ultimate decision to deny the writ for abuse of discretion." *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000) (citation omitted).

"[I]neffective assistance of counsel is one ground for granting a writ of *coram nobis*." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (citation omitted). "A claim of ineffective assistance entails a showing that: 1) the defense counsel's performance was objectively unreasonable; and 2) the deficient performance prejudiced the defense." *Id.* (citation omitted). "[A]n affirmative misrepresentation by counsel as to the deportation consequences of a guilty plea is . . . objectively unreasonable." *United States v. Couto*, 311 F.3d 179, 188 (2d Cir. 2002). "To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Kovacs*, 744 F.3d at 51 (internal quotation marks and citation omitted); *see also Chhabra v. United States*, 720 F.3d 395, 408 (2d Cir. 2013). Where, as here, counsel's alleged errors relate to immigration issues, the petitioner also must "clearly demonstrate that he placed particular emphasis on immigration consequences in deciding whether or not to plead guilty." *Id.* at 52 (internal quotation marks, citation, and brackets omitted).

Seepersad argues that his original lawyer misrepresented the immigration consequences of his guilty plea by advising him that he "would not be deported if [he] received less than one year in jail," and that he signed the plea agreement based on that advice. App'x at 31 ¶ 4. Seepersad also avers that if he had known his "immigration status would be impacted by a guilty plea regardless of serving less than one year in jail, [he] would not have entered such a plea or attempted to plead to an offense that did not constitute an aggravated felony." App'x at 32 ¶ 7.

2

Even assuming arguendo that Seepersad's counsel wrongly advised him that he would not be deported if he was sentenced to less than a year, Seepersad cannot demonstrate the requisite prejudice. The record makes clear that Seepersad had no reasonable expectation that he would, in fact, be sentenced to less than a year. The sentencing guidelines for his pled-to crime provided for 12 to 18 months' imprisonment (miscalculated as 15 to 21 months in the plea agreement), and Seepersad waived his right to appeal any sentence under 21 months. During the plea colloquy, the district court warned Seepersad that a below-Guidelines sentence "only happens in very, very unusual cases," where "there was some extraordinary unusual mitigating factor." Also during the plea colloquy the district court told Seepersad his guilty plea "will provide the basis for the Immigration and Naturalization Service to deport you. You've got to understand that." Seepersad twice indicated that he understood.

Given this, the district court had a strong record basis for discrediting Seepersad's claim that he would not have pled guilty if he were properly advised as to the immigration consequences of his plea. As the district court properly found, at the time he entered his plea, Seepersad did not have a legitimate expectation that he would be sentenced to less than a year, and he nonetheless pleaded guilty. The fact that he was eventually sentenced to three years' probation does not alter the analysis.

We have considered the remainder of Seepersad's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk