16-1081(L)
*Klein v. USA*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand seventeen.

PRESENT:    RALPH K. WINTER,
            GUIDO CALABRESI,
            DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ERIC A. KLEIN,
                *Petitioner-Appellant,*

                                                16-1081(L)
                v.                              16-1253 (Con)

UNITED STATES OF AMERICA,
                *Respondent-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER-APPELLANT:        HOWARD D. SIMMONS, ESQ., New York, New York.

FOR RESPONDENT-APPELLEE:         CHRISTOPHER J. CLORE, Assistant United States Attorney (Brian R. Blais, Assistant United States Attorney, *on the brief*), *for* Joon H. Kim, Acting United States Attorney for the

Southern District of New York, New York, New York.

Consolidated appeals from the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Petitioner-appellant Eric A. Klein, represented by counsel, appeals from the orders of the district court entered February 8, 2016 and March 17, 2016, denying Klein's motions for reconsideration of the denial of his petitions for a writ of error *coram nobis*. On appeal, Klein asserts ten claims of error. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the district court's decision denying a writ of error *coram nobis* for abuse of discretion. *Foont v. Unites States*, 93 F.3d 76, 79 (2d Cir. 1996). "A writ of error *coram nobis* is an 'extraordinary remedy,' typically available only when habeas relief is unwarranted because the petitioner is no longer in custody." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (internal citation omitted). To obtain *coram nobis* relief, a petitioner must show "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Id.* (quoting *Foont*, 93 F.3d at 79). Each of Klein's

claims is either procedurally barred or wholly lacking in merit or both, and, therefore, the district court did not abuse its discretion in denying Klein's *coram nobis* petitions.

. . .

We have considered Klein's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the orders of the district court.

We also note that on August 7, 2007, the district court (Sand, *J.*), barred Klein from filing any motions without first obtaining permission of the court. *See United States v. Klein*, 2007 WL 2274254 (S.D.N.Y. Aug. 7, 2007). Further, on September 11, 2013, in a summary order denying one of Klein's previous appeals, we observed that:

> Appellant is a frequent litigant in this Court, having instituted twenty-five separate matters relating to his 2005 criminal conviction, his attorney's performance during his criminal proceedings, or the 28 U.S.C. § 2255 proceedings challenging his conviction and sentence. We have explicitly dismissed seven of these cases as frivolous. *See* U.S.C.A. dkt. Nos. 09-182, 09-2202, 09-3635, 09-4072, 09-4587, 10-427, and 10-3922. Moreover, in connection with his various matters in this Court, Appellant has filed numerous meritless appellate motions, and has been extraordinarily reluctant to accept this Court's adverse rulings, moving frequently for reconsideration and rehearing of this Court's orders and for recall of this Court's mandates. Finally, we note that, in an order we affirmed on Appellant's direct appeal, the district court barred Appellant from filing any further motions in his criminal case without first obtaining the court's permission. *See United States v. Klein*, No. 05-6018, 297 Fed. App'x 19 (2d Cir. Oct. 15, 2008).
>
> We find that, by engaging in the above practices, Appellant has repeatedly exceeded the bounds of tolerable litigation conduct. Accordingly, Appellant is hereby warned that the further filing of frivolous and/or vexatious motions or appeals in this Court relating to his 2005 conviction, his attorney's performance during the course of the underlying criminal

3

proceedings, or his § 2255 proceedings, will result in the imposition of sanctions, including leave-to-file sanctions.  *See In re Martin-Trigona*, 9 F.3d 226, 228-29 (2d Cir. 1993) (recognizing that "courts may resort to restrictive measures . . . [with respect to] litigants who have abused their litigation opportunities," including "subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings"); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).

(Docket No. 12-4898, docket entry 60).  Despite the district court's sanction and our earlier warning, Klein and his counsel have continued to file motions in the district court and motions and appeals in this Court.  We remind Klein and his counsel that Klein may not make any further motions in the district court relating to his 2005 conviction without permission of the district court and that any violations of this order may subject Klein and his counsel to further sanctions.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4