UNITED STATES COURT OF APPEALS
**FOR THE SECOND CIRCUIT**

August Term, 2017

(Argued: February 28, 2018          Decided: June 4, 2018)

Docket No. 17-151

_____

Robert du Purton,

*Petitioner-Appellant,*

v.

United States of America,

*Respondent-Appellee.*

_____

Before:

ROBERT A. KATZMANN, *Chief Judge*, PIERRE N. LEVAL, *Circuit Judge*, AND ANDREW L. CARTER, JR., *District Judge*.[1]

Petitioner Robert du Purton appeals from the denial of his petition for a writ of error *coram nobis* by the United States District Court for the Eastern District of New York (Arthur D. Spatt, *J.*). Petitioner filed this writ seeking to vacate his prior conviction and sentence for conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 371, and twenty-one counts of mail fraud, in violation of 18 U.S.C. § 1341, on the basis of newly discovered evidence, which he contends undermines the reliability of expert testimony submitted against him at his trial. The district court denied the petition. We AFFIRM.

---

[1] Judge Andrew L. Carter, Jr., of the United States District Court for the Southern District of New York, sitting by designation.

BRIAN ROSNER, Carlton Fields Jorden Burt, P.A., New York, NY, *for Petitioner-Appellant*.

PAUL G. SCOTTI (Jo Ann M. Navickas, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Respondent-Appellee*.

PER CURIAM:

Petitioner Robert du Purton appeals from the denial of his petition for a writ of error *coram nobis* by the United States District Court for the Eastern District of New York (Arthur D. Spatt, *J.*), entered December 16, 2016. Du Purton was convicted of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 371, and twenty-one counts of mail fraud, in violation of 18 U.S.C. § 1341. He was sentenced to 51 months of imprisonment, to be followed by three years of supervised release, and was ordered to pay a special assessment of $2,300 and restitution of $1,873,819.50. He served his sentence of incarceration and is no longer in federal custody. He petitioned for *coram nobis* relief to vacate his conviction and sentence based on newly discovered evidence, which he claims shows the inaccuracy of expert

testimony submitted against him at his trial. The district court denied the petition. We affirm.

**BACKGROUND**

Du Purton owned and managed four companies dealing in rare coins. At the conclusion of a ten-week jury trial in 2001, he was convicted of mail fraud and conspiracy to commit mail and wire fraud in the conduct of the rare-coins business. The evidence showed an elaborate scheme of fraudulent representations to customers designed to induce them to purchase du Purton's merchandise. This included fabrications regarding the source of coins (such as that they came from a recent estate sale, or from a widow in desperate need of money), phony auctions designed to create the appearance of justification for du Purton's prices, assertions regarding resale opportunities known to be nonexistent, role-playing by du Purton's employees designed to create the false appearance of communications from competitors or independent sources, and false representations that the coins had been graded by independent experts as to their overall quality, comparative wear, and attractiveness, when in fact all coins were graded by du Purton.

The evidence included 702 coins that were acquired, graded, and offered for sale by du Purton (the "Trial Coins"). A government expert, Anthony Swiatek, testified as to both the grade and value of these coins. Relying on pricing guides that were widely used in the coin industry and updated regularly, as well as auction results and personal experience as a coin dealer, Swiatek assessed each of the coins and concluded that du Purton had consistently overstated their value.

On direct appeal from his conviction, du Purton challenged both the sufficiency of the evidence and the admissibility of the expert testimony. This Court affirmed. *United States v. Numisgroup Int'l Corp.*, 368 F.3d 880, 880 (2d Cir. 2004) (per curiam), *cert. granted, judgment vacated sub nom. Dupurton v. United States*, 543 U.S. 1098 (2005) (remanding for further consideration of the sentence following *United States v. Booker*, 543 U.S. 220 (2005)).

Following the conclusion of the trial, the government retained Swiatek to appraise the value of an inventory of 26,612 coins, which had been confiscated upon du Purton's arrest (the "Inventory Coins"). Swiatek estimated their value at approximately $430,000 to $460,000, which he deemed "a ballpark figure." App'x at 64. The district court then authorized

the government to sell the Inventory Coins so that the proceeds could be applied to satisfaction of the restitution order. Nearly a decade later, in December 2010, the government finally auctioned the coins. The auction yielded $1,827,176 in gross proceeds, roughly four times the value of Swiatek's 2001 appraisal.

In February 2015, du Purton, who had completed his sentence of incarceration, filed this petition for a writ of error *coram nobis* pursuant to 28 U.S.C. § 1651 seeking to vacate his conviction and sentence based on the newly discovered evidence of the auction proceeds. Du Purton argued that the disparity between Swiatek's 2001 appraisal of the Inventory Coins and the subsequent proceeds from their 2010 sale at auction showed that Swiatek's testimony about the value of the Trial Coins had been wrong. The district court denied the petition. *See du Purton v. United States*, 224 F. Supp. 3d 187 (E.D.N.Y. 2016). This appeal followed.

## DISCUSSION

Courts have described the standards that govern *coram nobis* petitions in a number of different ways. In *United States v. Morgan*, 346 U.S. 502 (1954), the Supreme Court, describing the writ of *coram nobis* as an "extraordinary

remedy" that allows "[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review," explained that the writ lies "under circumstances compelling such action to achieve justice." *Id.* at 511. The Court explained that the power to issue the writ in criminal cases derives from the All Writs Act, 28 U.S.C. § 1651(a), *see Morgan*, 346 U.S. at 506, and is not barred by the enactment of 28 U.S.C. § 2255, *see Morgan*, 346 U.S. at 510-11. In *United States v. Mayer*, 235 U.S. 55 (1914), the Supreme Court explained that the writ, at common law, was available to correct "errors of fact . . . of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid." *Id.* at 69. Specifically, the writ was available for "matters of fact which had not been put in issue or passed upon, and were material to the validity and regularity of the legal proceeding itself; as where the defendant, being under age, appeared by attorney, or the plaintiff or defendant was a married woman at the time of commencing the suit, or died before verdict . . . ." *Id.* at 68; *see also Morgan,* 346 U.S. at 507, n.9 (reiterating the same examples). In *United States v. Denedo*, 556 U.S. 904 (2009), the Supreme Court stated that the "modern iteration [of] *coram nobis* is broader than its common-law predecessor" and "can issue to redress a

fundamental error," including "a legal or factual error." *Id.* at 911, 913. The Court "limit[ed] the availability of the writ to 'extraordinary' cases presenting circumstances compelling its use 'to achieve justice,'" noting that "an extraordinary remedy may not issue when alternative remedies, such as habeas corpus, are available." *Id.* at 911 (quoting *Morgan*, 346 U.S. at 511).

In *United States v. Keogh*, 391 F.2d 138 (2d Cir. 1968), this Court considered a petition for a writ of *coram nobis* based on the prosecutors' failure to disclose evidence allegedly favorable to the defense. *Id.* at 146. Without deciding whether the evidence fell within "the prosecution's constitutional duty to disclose," *id.* (internal quotation marks omitted), we identified a category of cases of undisclosed evidence where there was no deliberate prosecutorial misconduct, and where the defense had not requested the evidence, but where "hindsight discloses that the defense could have put the evidence to not insignificant use," *id.* at 147. We asserted that, in those circumstances, *coram nobis* relief requires "a relatively high showing of materiality," and "compels the invalidation of the conviction" when the court concludes that "the undisclosed evidence would have permitted the defendant so to present his case that he would probably have raised a

reasonable doubt as to his guilt in the mind of a conscientious juror . . . ." *Id.* at 148.

In *Foont v. United States*, 93 F.3d 76 (2d Cir. 1996), we stated that a writ of *coram nobis* is available where "errors . . . of the most fundamental character have rendered the proceeding itself irregular and invalid." *Id.* at 78 (internal citations and quotation marks omitted). We asserted that relief under the writ requires a showing that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate relief earlier, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Id.* at 79 (internal citations, alterations, and quotation marks omitted). We added that, "[c]laims of new evidence . . . without constitutional or jurisdictional error in the underlying proceeding, cannot support a coram nobis claim." *Id*. at 80.

Du Purton's petition does not satisfy the standard for *coram nobis* relief. He argues that auction results from the sale of the Inventory Coins show that Swiatek's trial testimony regarding valuation was "factually and objectively inaccurate." Pet'r Br. at 27. But a showing that the auction of the 26,612 Inventory Coins yielded substantially more than the value Swiatek had

estimated for them nearly a decade earlier does not show that Swiatek's testimony about the value of the 702 Trial Coins was inaccurate or misleading. The two sets of coins are distinct, as were Swiatek's valuations. When dealing with such a large number as 26,612, the discrepancy between Swiatek's initial assessment and the final proceeds at auction might have been attributable to a few outlier coins that, in the nine intervening years, became unexpectedly valuable. Du Purton's argument is nothing more than speculation. In any event, given the strength of the evidence of du Purton's broad fraudulent activity in support of his sale of coins, the issue he raises as to Swiatek's method of valuation does not show circumstances compelling grant of the writ to achieve justice.

## CONCLUSION

We find that du Purton has failed to show a defect in the evidence at his trial, and accordingly we AFFIRM the order of the district court.